# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MASSARO, | : | CIVIL NO. 3:17-cv-0180 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN DAVID J. EBBERT, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by Petitioner Joseph Massaro ("Massaro"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

## I. Background

"On October 27, 1993, Massaro was convicted by a jury of ten counts, related to his involvement in the Luchese organized crime family, including murder and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). He was sentenced to life imprisonment. The Second Circuit affirmed his conviction in an unpublished opinion on May 18, 1995. Massaro then filed a motion for a new trial and a petition for relief under 28

---

[1] Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. GOVERNING § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

U.S.C. § 2255. After the denial of his petition was appealed to the Supreme Court and reversed[,] Massaro v. United States, 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003)[, the district court ] again denied his petition on October 5, 2004, Massaro v. United States, No. 97 Civ. 2971 (MGC), 2004 WL 2251679 (S.D.N.Y. Oct. 5, 2004). The denial was affirmed by the Second Circuit. Massaro v. United States, 152 F. App'x 20 (2d Cir. 2005)." Massaro v. United States, No. 97 Civ. 2971 (MGC), 2013 WL 655077 (S.D.N.Y. Feb. 22, 2013). Most recently, Massaro sought leave to file a successive § 2255 petition with the United States Court of Appeals for the Second Circuit. On October 17, 2016, the Second Circuit disposed of the proposed § 2255 motion in the following manner:

> As a preliminary matter, the proposed § 2255 motion would be successive because Petitioner's first § 2255 motion challenged the same criminal judgment and was denied on the merits. *See Vu v. United States*, 648 F.3d 111, 113 (2d Cir. 2011). We reject Petitioner's argument that his claims were unripe until the issuance of the supreme court decisions discussed in his present motion; claims based on new Supreme Court decisions are clearly covered by the successive § 2255 provisions of 28 U.S.C. § 2255(h). Upon due consideration, it is hereby ORDERED that Petitioner's motion is DENIED because he has not satisfied the criteria set forth in §2255(h).
>
> Petitioner does not rely on any newly discovered evidence within the meaning of § 2255(h)(1). Furthermore, *Alleyne v. United States*, 133 S.Ct. 2151 (2013), did "not announce a new rule of Constitutional law that has been made retroactive by the Supreme Court." *United States v. Redd*, 735 F.3d 88, 89 (2d Cir. 2013). The holding in *Redd* remains binding as it has not been overturned by any subsequent decision of this Court or the Supreme Court. Regarding Petitioner's ex post facto argument, he does not identify any rule of law made retroactive by the Supreme Court, and no such rule of law appears to exist. Finally, even if Petitioner's ex post facto argument arises under *Peugh v. United States*, 133 S.Ct. 2072 (2013), the rule announced in *Peugh* also "does not constitute a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." *Herrera-Gomez v. United States*, 755 F.3d 142, 148 (2d Cir. 2014) (internal quotation marks omitted).

(Doc. 1, pp. 93-94).

Massaro now seeks relief *via* 28 U.S.C. § 2241, on the basis of "intervening change in the law." (Doc. 1, p. 8). In addition, he challenges the Federal Bureau of Prison's decision to deny his request for early release pursuant to 18 U.S.C. § 3582(c)(1)(A)(ii). (Doc. 1, pp. 18-21).

**II.    Discussion**

Massaro's first § 2255 motion was denied, on the merits, by the sentencing court. Recently, he sought leave to file a successive § 2255, and the Second Circuit Court of Appeal denied his motion for the reasons set forth in the background section, *supra*. Having met with no success through § 2255, Massaro now attempts to utilize § 2241 to challenge the legality of his conviction and sentence. (Doc. 1, p. 8).

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). A petitioner may only resort to a § 2241 petition in the unusual situation where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, as is the case here, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to

authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.). Rather, only when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" can he avail himself of § 2241. Dorsainvil, 119 F.3d at 251–52.

Massaro cannot demonstrate that a § 2255 motion is "inadequate or ineffective"—and that resort to § 2241 is therefore available—simply because he has been denied relief by the sentencing court and through subsequent appeals and motions. See Cradle, 290 F.3d at 539. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255 and Massaro fails to demonstrate that he falls within the Dorsainvil exception. If a petitioner improperly challenges a federal conviction or sentence under § 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971).

Further, this Court is without authority to review the denial of his request for compassionate release/relief under § 3582(c)(1)(A)(I). Section 3582(c)(1)(A)(i) provides:

> The court may not modify a term of imprisonment once it has been imposed except that (1) in any case- (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(I). In the absence of a motion filed by the Director of the Federal

Bureau of Prisons, a district court has no authority to reduce a federal inmate's sentence based on special circumstances. Share v. Krueger, 553 F. App'x 207, 209 (3d Cir. 2014) (citing United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997).

### III. Conclusion

For the above stated reasons, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

                                              **BY THE COURT:**

                                              **s/James M. Munley**
                                              **JUDGE JAMES M. MUNLEY**
                                              **United States District Court**

Dated:       May 25, 2017